## Case No. 13,991.

THORNHILL et al. v. BANK OF LOUISIANA.

### WILLIAMS v. SAME.

[5 N. B. R. 377;[1] 4 Am. Law T. Rep. U. S. Cts. 245; 1 Am. Law T. Rep. Bankr. 287.]

Circuit Court, D. Louisiana. April Term. 1870.

APPEAL—STAY OF PROCEEDINGS—ORDERS SUBSEQUENTLY MADE.

1. Where a party appeals from the decision of the United States circuit court to the United States supreme court, the allowance of the appeal is to relate back to the time when the original application was made for an appeal to the judge of the circuit court. and entitles a party to a stay of proceedings.

2. Decreed that all orders in the above entitled cause made by the circuit or district courts since the date of the injunction granted by the circuit judge. be vacated and annulled, and it is ordered that all things be restored to the condition in which they stood at the date of said injunction.

In bankruptcy.

BRADLEY, Circuit Justice. In this case, we have taken the matter into consideration, and have come to the conclusion that the appellant was entitled to a supersedeas. By the act of 1789 (section 23) [1 Stat. 85]. a writ of error. (which was the only process then given for resort to an appellate court) as well in equity as in common law cases was a supersedeas and a stay of execution in cases

[1] [Reprinted from 5 N. B. R. 377, by permission.]

only where the writ of error was served by a copy thereof being lodged for the adverse party in the clerk's office, where the record remained, within ten days, (Sundays exclusive) after rendering the judgment or passing the decree complained of. A writ of error is no longer the process for reviewing the decrees in equity or admiralty. By the act of March 3, 1803 [2 Stat. 244], it is declared that from all final judgments or decrees in any of the district courts of the United States, an appeal, where the matter in dispute shall exceed the sum of fifty dollars, shall be allowed to the circuit court; and from all final judgments or decrees rendered in any circuit court, in any cases of equity, admiralty, or maritime jurisdiction, etc., an appeal, where the matter in dispute exceeds two thousand dollars, shall be allowed to the supreme court of the United States, and such appeal shall be subject to the same rules, regulations and restrictions as are prescribed in the law in cases of writs of error. This clause adopts the rules, regulations and restrictions contained in the act of 1789—the time within which the writ of error must be lodged in the clerk's office, in order to operate as a supersedeas, the citation to the adverse party, the security to be given to the plaintiff in error—the directions in reference to all these things are applicable to appeals under the act of 1803, and are to be substantially observed, except where the appeal is made at the same term and in open court, when a citation is not necessary.

Now, it is evident that the twenty-third section of the act of 1789 cannot be literally complied with in cases of appeal. For example, the writ of error or a copy of it cannot be filed for the adverse party in the clerk's office within ten days, for there is no writ of error. Only the spirit of the act of 1789 can, in many particulars, be carried out. In cases of appeal, the appeal may be taken orally in court. No written application need be made, either in court or to the judge. It is so held by the supreme court in 18 Howard. In such a case, a copy of the writ of error, or copy of anything like a writ of error, or analogous to it cannot be filed. But it is evident that something must be done by the appellant within ten days, in order to comply with the spirit of the act of 1789; that is, he must take his appeal and present his bond to the court or judge within that time, and he must file in the clerk's office either the bond or some other paper, or an entry must be made upon the minutes of the court, or something else must be done to show that the appeal has been taken within the ten days.

In this case the petition of appeal was presented to the judge within the ten days, accompanied by the bond. The bond was approved by the judge, but the petition of appeal was not allowed, because in his opinion it was not a case for an appeal. The approval of the bond was endorsed by the judge on

the bond, and his disallowance of the petition of appeal was endorsed on the petition and both were filed within five days in the clerk's office. Now, it is evident that the party did all that he could possibly do in order to entitle himself to the protection of the law, except one thing, which he proceeded to do. He repaired to a justice of the supreme court, after having made his application to the judge of the circuit court and having been refused, and thereupon the justice of the supreme court allowed the appeal. A new petition of appeal, it is true, was presented, but the facts were fully stated therein—the fact of the former petition of appeal being presented and overruled, as well as the fact of the decree from which the appeal was taken. The associate justice of the supreme court allowed the appeal, and approved of the identical bond which had been previously presented to and approved by the circuit judge. This new petition of appeal, with the allowance on it, was filed on twenty-fourth of March, some twenty-one days after the decree was rendered.

Now, the question is whether the allowance of the appeal in this case is to relate back to the time when the original application was made for an appeal to the judge of the circuit court. We are of the opinion that it does; that this party has done everything that in him lay to entitle him to a suspension of proceedings. At any rate, in the circuit court, which has control over its own processes and proceedings, we can do that which the supreme court would require us to do by supersedeas. Whatever might be the disability or incapacity of a judge at chambers, we are under no such embarrassment. We can direct proceedings to be suspended to the same extent that the supreme court would direct them to be suspended if it were applied to.

There may be some question as to the operation of the supersedeas in this case. The proceedings in bankruptcy are in the district court. A petition was presented to this court for the review of a certain decree or order of the district court. The proceedings in the district court were suspended until that review was had in this court. Upon that review this court came to the conclusion to confirm the decision of the district court. The appeal suspends the operation of that adjudication of the circuit court, and consequently holds the matter in statu quo, as if the judge of the circuit court yet held the matter under advisement, and had not made any order in the case. This we consider to be the effect of the appeal as a supersedeas; consequently all facts made or done by either court since the appeal was applied for are to be considered as vacated. If any order is necessary to effect it, it will be made. Matters will remain in statu quo, that is, they will remain as they were prior to any decree being rendered by this court.

It is hereby adjudged and decreed that all

orders in the above entitled cause made by the circuit or district court since the 21st of January, 1870, the date of the injunction granted by the circuit judge, are hereby vacated and annulled, and it is ordered that all things be restored to the condition in which they stood at the date of said injunction.

· [After the appeal was filed in the supreme court, the appellees filed a motion to dismiss the same for the want of jurisdiction. The motion was granted. 11 Wall. (78 U. S.) 65.]